UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AARON YARBOROUGH,

                Plaintiff,

v.

KATHLEEN DAVIDSON, et al.,

                Defendants.

_____

DECISION & ORDER and
AMENDED SCHEDULING ORDER

05-CV-6468CJS

**PRELIMINARY STATEMENT**

Plaintiff Aaron Yarborough initiated this action on September 8, 2005, alleging that defendants provided him with inadequate medical care. (Docket # 6). Currently before the Court is the adequacy of plaintiff's response to an Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41.2 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.

The Order to Show Cause was issued by the Clerk of the Court on November 18, 2009 (Docket # 26) after the plaintiff failed to appear for two court-ordered conferences (Docket ## 25, 27). Plaintiff responded to the Order on December 17, 2009, explaining that he missed one of the appointments because of side effects from medication he was taking caused him confusion and forgetfulness. (Docket # 29). Defendants have taken no position with respect to this motion.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "[p]rejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("The operative condition for a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Applying these standards, courts frequently have found dismissal of a complaint

justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time.  *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).  Nevertheless, dismissal is considered "a harsh remedy to be utilized only in extreme situations."  *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted).

In the case at bar, it is uncontested that the plaintiff twice failed appear for a court conference.  In response to the Order to Show Cause, however, plaintiff has represented that due to the side effects of certain medication he was confused about the date of the conference. (Docket # 29).  He wishes to continue with the litigation.  (*Id.*).  While plaintiff should have been more attentive to deadlines, that oversight does not appear to have disadvantaged the defendants.  One defendant's answer to plaintiff's amended complaint was not filed until August 12, 2009. (Docket # 23).

On this record, I find that plaintiff's actions do not demonstrate the level of prosecutive delinquency justifying dismissal.  Plaintiff's case will therefore be permitted to proceed.

## CONCLUSION

For the foregoing reasons, this Court finds that plaintiff has demonstrated good cause why the matter should not be dismissed due to his failure to prosecute. It is further

ORDERED, that this Court's April 27, 2009 Scheduling Order (Docket # 19) shall be amended as follows:

1. All discovery in this case shall conclude on **May 14, 2010**. All motions to compel discovery shall be made returnable on or before **April 16, 2010**.

2. All dispositive motions shall be filed no later than **August 2, 2010**.

**NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

3. Responding papers are due by **September 2, 2010**. Reply papers, if any, shall be filed by **September 16, 2010**. The motion will be taken under advisement without oral argument.

4. If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.

5. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

6. **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter**

**appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated:  Rochester, New York
        February  5 , 2010

## *PRO SE* NOTICE

**Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.**

**In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.**

**Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.**

**Pursuant to Rules 7.1(e) and 56.1 of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.**

**If plaintiff has any questions, he/she may direct them to the Pro Se Office.**

**Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 56.1(e) of the Local Rules of Civil Procedure for the Western District of New York.**